**United States District Court**
**For the Northern District of California**

1
2
3
4
5
6 UNITED STATES DISTRICT COURT
7 NORTHERN DISTRICT OF CALIFORNIA
8
9
GUSTAVE WILLIAM LINK,

10          Plaintiff,                                  No. C 06-7962 MHP

11     v.
                                                        **ORDER DISMISSING COMPLAINT**
12 RUPERT P. HANSEN, ATTY, Officer of Court;
   COX, WOOTION, GRIFFIN, HANSEN & POULOS,
13 LLP; FRANK ROESCH, Judge of Superior Court, of
   State of California, and John Does,
14
           Defendants.
15 _____/

16

17      Plaintiff Gustave William Link filed this action against attorney Rupert Hansen, Hansen's

18 law firm, and Judge Frank Roesch on December 29, 2006. Hansen represented Link's former

19 employer in a wrongful termination suit brought before Judge Roesch in Alameda County Superior

20 Court. Judge Roesch granted summary judgment in favor of the defendant in that action. Link

21 appealed the summary judgment order to the California Court of Appeal in June 2006. Complt.,

22 Exh. A. On July 18, 2006, the Court of Appeal dismissed Link's appeal as premature because no

23 judgment had been entered in the trial court. Id. Link petitioned for reconsideration at the appellate

24 court the following month. Id. The following day, the Court of Appeal denied Link's motion to

25 reinstate, stating that "Once a final judgment has been entered by the trial court, *appellant remains

26 free to file a new, timely notice of appeal from the judgment with the Clerk of the Alameda County

27 Superior Court*." Id. (emphasis added). Judge Roesch signed the judgment on November 21, 2006.

28 Complt. ¶ 15. Link received the judgment from Hansen on December 8, 2006. Id. ¶ 17. Link

apparently misunderstood the proceedings before the Court of Appeal, and believes that his appeal

1  was "thrown out" as a result of the trial court's delay in entering a signed judgment.  Link asserts
2  that Hansen and Judge Roesch conspired to delay the entry of judgment "to force Link to abandon
3  his appeal."  Id. ¶ 18.

4      "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss
5  it for failure to state a claim, but the court must give notice of its *sua sponte* intention to invoke Rule
6  12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition
7  to such motion."  Wong v. Bell, 642 F.2d 359, 361–362 (9th Cir. 1981).  However, such notice need
8  not be given where a plaintiff "cannot possibly win relief" on the bases he has urged.  Id. at 362.
9  Here, Link's complaint is patently frivolous.  In an apparent attempt to circumvent Judge Roesch's
10 judicial immunity, Link has made an allegation of "conspiracy" that is questionable at best.  More
11 importantly, however, Link has not even suffered the harm he claims to have suffered.  According to
12 Link's own evidence, he remains free to pursue his appeal in the California Courts.  Link is advised
13 to do so immediately before the time for appeal *actually* expires.  Furthermore, even if Link fails to
14 make a timely appeal, he may seek leave in the California Courts to pursue his appeal based on the
15 surrounding circumstances.  Link therefore has substantial recourse in the state system without going
16 down the tortuous route of federal litigation.

17     This action is therefore DISMISSED WITH PREJUDICE.  The clerk will close the file.
18     IT IS SO ORDERED.

21 Dated: Jan. 11, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

2

**ENDNOTES**